IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02797-BNB

GARY G. SALAZAR,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ARI ZAVARAS, Executive Director, and
UNKNOWN JOHN/JANE DOE DEFENDANTS,

    Defendants.

```
                    FILED
         UNITED STATES DISTRICT COURT
              DENVER, COLORADO

              JAN 1 8 2011

          GREGORY C. LANGHAM
                          CLERK
```

## ORDER OF DISMISSAL

Plaintiff, Gary G. Salazar, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Limon Correctional Facility in Limon, Colorado. Mr. Salazar has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant violated his rights under the United States Constitution. Mr. Salazar seeks only injunctive relief.

Mr. Salazar has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the Prisoner Complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Prisoner Complaint as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Salazar is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Salazar asserts two distinct claims for relief in this action. His first claim is a due process claim in which he challenges his classification as a sex offender. Mr. Salazar alleges in support of the due process claim that he is classified as a sex offender even though he has never been convicted of a sex offense and does not meet the definition of a sex offender under state law. He further alleges that he has a constitutionally protected liberty interest in not being classified as a sex offender under these circumstances. Mr. Salazar's second claim is an equal protection claim in which he challenges the loss of visitation privileges for at least three years. Mr. Salazar alleges in support of the equal protection claim that his visitation privileges were revoked for a minimum of three years as a collateral consequence of three drug-related disciplinary convictions he received in May and June of 2009. He further alleges that two of the disciplinary convictions were related and, if he had only two drug-related disciplinary convictions instead of three, he would have lost visitation privileges for only one year.

The Court first will address Mr. Salazar's due process claim. The Constitution

2

guarantees due process when a person is to be deprived of life, liberty, or property. **See Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994). As noted above, Mr. Salazar argues that he has a liberty interest in not being labeled a sex offender because he has not been convicted of a sex offense and does not meet the definition of a sex offender under state law.

The existence of a constitutionally protected liberty interest depends on the nature of the interest asserted. **See Sandin v. Conner**, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. **See Morrissey v. Brewer**, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. **See Sandin**, 515 U.S. at 483-84. State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." **Sandin**, 515 U.S. at 484. State law also may create a liberty interest if the action inevitably will affect the length of the prisoner's confinement. **See Sandin**, 515 U.S. at 487.

The Court finds that the due process claims lack merit. Mr. Salazar's classification as a sex offender does not implicate a liberty interest that arises directly under the Constitution because prisoners are not entitled to any particular degree of liberty. **See Meachum v. Fano**, 427 U.S. 215, 225 (1976); **see also Templeman**, 16 F.3d at 369 ("[c]hanging an inmate's classification ordinarily does not deprive him of liberty."). In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. **See**

***Meachum***, 427 U.S. at 224.

The Court also finds that Mr. Salazar fails to demonstrate the existence of any constitutionally protected liberty interest that arises under state law. **See *Chambers v. Colorado Dep't of Corr.***, 205 F.3d 1237, 1242 (10th Cir. 2000) (stating that the Colorado DOC "has not created a liberty interest in a prisoner's not being classified as a sex offender"). Although state prison officials may create a liberty interest in the consequences of the sex offender label, **see *id.***, Mr. Salazar does not allege any facts that indicate the consequences of his classification as a sex offender impose any atypical and significant hardship in relation to the ordinary incidents of prison life. Therefore, the due process claim lacks merit because Mr. Salazar's classification as a sex offender does not implicate a constitutionally protected liberty interest.

Even assuming Mr. Salazar's classification as a sex offender did implicate a constitutionally protected liberty interest, the Court still finds that the due process claim lacks merit because Mr. Salazar does not allege that he was denied any of the process to which he was entitled prior to being classified as a sex offender.

> [A]n inmate who has not previously been convicted of a sex offense may be classified as a sex offender for purposes of a prison treatment program only if the prison affords him the procedural protections to which prisoners facing disciplinary sanctions involving liberty interests are generally entitled. . . .
>
> Those procedural requirements are . . . notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Additionally, in order to comport with due process, there must be some evidence to support the hearing panel's decision and the decisionmaker must be impartial.

4

*Gwinn v. Awmiller*, 354 F.3d 1211, 1218-19 (10th Cir. 2004) (citations omitted).

Mr. Salazar concedes that an administrative hearing regarding his classification as a sex offender was held in 2004. Even assuming he could challenge the adequacy of that hearing at this late date, *see Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (finding that a two-year statute of limitations applies to § 1983 actions in Colorado), he does not allege that he was denied any of the required procedural protections outlined above at the hearing in 2004. Instead, Mr. Salazar alleges only that "there was no appeal from this action" and "there is no grievance procedure available to challenge this classification issue." (Doc. #2 at p.4.) However,

> [n]either *Chambers* nor *Gwinn* nor any other case from [the Tenth] Circuit hold an inmate who is classified as a sex offender following a hearing that comports with the requirements of due process is entitled to reconsideration of his classification at some later date. Just as there is no federal due process right to appeal a final judgment in a state criminal case (absent a statute affording such a right), *see Halbert v. Michigan*, 545 U.S. 605, 610, 125 S. Ct. 2582, 162 L. Ed.2d 552 (2005), an inmate in state prison does not have a constitutional right to appeal his sex offender classification in a prison administrative proceeding.

*Murphy v. Colorado Dep't of Corr.*, 381 F. App'x 828, 832 (10th Cir. 2010). Therefore, the Court finds that Mr. Salazar's due process claim challenging his classification as a sex offender is legally frivolous and must be dismissed.

The Court next will address Mr. Salazar's equal protection claim that challenges the loss of visitation privileges for a minimum of three years as a collateral consequence of three drug-related disciplinary convictions in May and June of 2009. As noted above, Mr. Salazar alleges that two of the disciplinary convictions were related and, if he had only two drug-related disciplinary convictions instead of three, he would have lost

5

visitation privileges for only one year.

A person's right to equal protection is violated when the government or its officials treat him or her differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Mr. Salazar's equal protection claim lacks merit because he fails to allege facts that indicate he has been treated differently than any similarly situated inmates. Although he contends that he would have lost visitation privileges for only one year if prison officials considered his allegedly related disciplinary convictions as one conviction rather than two, he does not allege that other inmates with three drug-related disciplinary convictions do not have their visitation privileges revoked for a minimum of three years in accordance with DOC regulations. He also does not allege any facts that indicate his disciplinary convictions somehow were counted differently than any similarly situated inmate.

Vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* plaintiff to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. The Court finds that Mr. Salazar's vague and conclusory allegations that he has been denied equal protection will not support an arguable claim for relief. Therefore, the equal protection claim also is legally frivolous and must be dismissed.

Finally, the Court also notes that, according to the response to his step II grievance regarding this issue, Mr. Salazar was informed that he has a fourth drug-related disciplinary conviction in 2003 that further supports the collateral consequence of loss of visitation privileges for a minimum of three years.  (*See* Doc. #2 at p.14.)  Therefore, even if Mr. Salazar could allege some set of facts that indicate he was treated differently from another similarly situated inmate following his disciplinary convictions in May and June of 2009, the existence of another drug-related disciplinary conviction in 2003 demonstrates that the injunctive relief he is seeking regarding his visitation privileges is not appropriate.  Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.

DATED at Denver, Colorado, this  18th  day of      January      , 2011.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02797-BNB

Gary G. Salazar
Prisoner No. 93635
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed **ORDER** to the above-named individuals on January 18, 2011.

                                    GREGORY C. LANGHAM, CLERK

                            By: _____
                                        Deputy Clerk