IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02797-LTB

GARY G. SALAZAR,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ARI ZAVARAS, Executive Director, and
UNKNOWN JOHN/JANE DOE DEFENDANTS,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 03 2011

GREGORY C. LANGHAM
                   CLERK

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff, Gary G. Salazar, has filed *pro se* on January 31, 2011, a "Motion to Amend/Alter Order of Judgment and Dismissal" pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Mr. Salazar asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on January 18, 2011. The Court must construe the motion liberally because Mr. Salazar is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Therefore, Mr. Salazar's motion to reconsider properly is asserted pursuant to Rule 59(e). A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered

evidence." ***Phelps v. Hamilton***, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. ***See id***.

The Court dismissed Mr. Salazar's due process and equal protection claims as legally frivolous. The Court determined that the due process claim lacked merit because Mr. Salazar was not deprived of any constitutionally protected liberty interest as a result of his classification as a sex offender and, even if he was, he failed to allege that he was denied the process to which he was due at his classification hearing. The Court determined that the equal protection claim lacked merit because Mr. Salazar failed to allege that he has been treated differently than any similarly situated inmate. More specifically, Mr. Salazar did not allege that other inmates with three drug-related disciplinary convictions lost visitation privileges for a shorter term or that his disciplinary convictions were counted differently than any similarly situated inmate.

Mr. Salazar argues in the motion to reconsider that if he is allowed to file an amended complaint he will allege additional facts to demonstrate his classification as a sex offender implicates a constitutionally protected liberty interest and that he has been treated differently than other similarly situated inmates. Mr. Salazar also states that he will raise a new due process claim in an amended complaint that was not asserted in his original complaint.

Upon consideration of the motion to reconsider and the entire file, the Court finds

that Mr. Salazar fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Salazar fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. As noted above, a motion to reconsider is not a new opportunity to allege facts and advance arguments that could have been raised previously. See *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, Mr. Salazar does not address in the motion to reconsider the alternative bases on which the Court determined the claims raised in the original complaint lacked merit. As discussed in the Order of Dismissal, Mr. Salazar fails to allege that he was denied any process to which he was due even if he was denied a constitutionally protected liberty interest. With respect to his equal protection claim, Mr. Salazar's arguments in the motion to reconsider do not take into consideration the fact that he had a fourth drug-related disciplinary conviction in 2003. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the Motion for Reconsideration filed on October 29, 2010, is denied.

DATED at Denver, Colorado, this  3rd  day of     February     , 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02797-BNB

Gary G. Salazar
Prisoner No. 93635
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed **ORDER** to the above-named individuals on February 3, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk

Case 1:10-cv-02797-LTB Document 9 Filed 02/03/11 USDC Colorado Page 4 of 4